The Honorable Steve Ehlmann State Senator, District 23 State Capitol Building Jefferson City, Missouri 65101
The Honorable Harriet Tatum Brown State Representative, District 13 State Capitol Building Jefferson City, Missouri 65101
Dear Senator Ehlmann and Representative Brown:
This opinion is in response to your question concerning whether parent educators are subject to the minimum teacher's salary requirement of Section 163.172, RSMo 1994. Your question asks:
 Under Missouri law, must a public school district that employs parent educators who hold valid teaching certificates, but whose sole function is to provide assistance to parents of students regarding parenting techniques and child development, pay such employees the minimum teacher salary [even though such employees do not fall within the statutory definition of "teacher" found in Section 163.011 (11) Mo. Rev. Stat. (1994)]?
That part of your question which we have enclosed in brackets assumes that a parent educator is not a "teacher" as defined in Section 163.011 (11), RSMo 1994. Whether or not a parent educator is a "teacher" is an issue that we will consider in addressing whether a parent educator who holds a valid teaching certificate must be paid the minimum teacher salary.
Sections 178.691 through 178.699, RSMo 1994, describe the parent education program offered by school districts. Relevant provisions are as follows:
 178.691. Definitions. — As used in sections 178.691 to 178.699, unless the context requires otherwise:
* * *
 (4) "Parent education" includes the provision of resource materials on home learning activities, private and group educational guidance, individual and group learning experiences for the parent and child, and other activities that enable the parent to improve learning in the home.
 178.693. Educational and screening programs — reimbursement by state. — 1. School districts that offer an approved program of parent education shall be eligible for state reimbursement, pursuant to section 163.031, RSMo, subject to appropriations therefor for each participating family. If a school district fails or is unable to offer an approved program of parent education, the district shall enter into a contract which meets the requirements under section 178.697, with another district, public agency or state approved not for profit agency offering an approved program for such services. If the district finds that no approved program is available in another district, public agency, or through a state approved not for profit agency, it shall request the state department of elementary and secondary education to assist it in obtaining from an approved program, services at the reimbursable rate.
* * *
 178.695. Program review. — 1. Programs shall be subject to review and approval under standards developed by the department of elementary and secondary education consisting of early childhood education and parents as teachers programs and published as an administrative rule under the provisions of chapter 536, RSMo.
* * *
 178.697. Costs not to exceed appropriations.
— 1. Funding for sections 178.691 to 178.699
shall be made available pursuant to section 163.031, RSMo, and shall be subject to appropriations made for this purpose.
 2. Costs of contractual arrangements shall be the obligation of the school district of residence of each preschool child. Costs of contractual arrangements shall not exceed an amount equal to an amount reimbursable to the school districts under the provisions of sections 178.691 to 178.699. No program shall be approved or contract entered into which requires any additional payment by participants or their parents or guardians.
 3. Payments for participants for programs outlined in section 178.693 shall be uniform for all districts or public agencies.
The statute providing a teacher's minimum salary, Section163.172, RSMo 1994, states:
 163.172. Minimum teacher's salary — information to be provided to general assembly — salary defined. — 1. In school year 1994-95 and thereafter, the minimum teacher's salary shall be eighteen thousand dollars. Beginning in the school year 1996-97, for any full-time teacher with a master's degree and at least ten years teaching experience in a public school or combination of public schools, the minimum salary shall be twenty-four thousand dollars.
* * *
 4. As used in this section, the term "salary"
shall be defined as the salary figure which appears on the teacher's contract and as determined by the local school district's basic salary schedule and does not include supplements for extra duties.
 5. The minimum salary for any fully certificated teacher employed on a less than full-time basis by a school district, state school for the severely handicapped, the Missouri School for the Deaf, or the Missouri School for the Blind shall be prorated to reflect the amounts provided in subsections 1 and 2 of this section.
Section 163.011 (11), RSMo 1994, defining "teacher" as the term is used in Chapter 163, RSMo, states:
 163.011. Definitions. — As used in this chapter unless the context requires otherwise:
* * *
 (11) "Teacher" means any teacher, teacher-secretary, substitute teacher, supervisor, principal, supervising principal, superintendent or assistant superintendent, school nurse, social worker, counselor or librarian who shall, regularly, teach or be employed for no higher than grade twelve more than one-half time in the public schools and who is certified under the laws governing the certification of teachers in Missouri;
* * *
Section 163.172 provides a teacher's minimum salary. The first issue for consideration is whether "teacher," as used in Section 163.172 is to have the meaning given to that term by Section 163.011 (11). When the legislature has adopted a specific meaning for a term, we are to follow that meaning. St. LouisCountry Club v. Administrative Hearing Commission of Missouri,657 S.W.2d 614, 617 (Mo. banc 1983); Labor's Educational andPolitical Club-Independent v. Danforth, 561 S.W.2d 339, 346 (Mo. banc 1977). Section 163.011 states that the definitions in that section apply in Chapter 163 unless the content requires otherwise. There is no language in Section 163.172 to indicate "teacher" as used in that section should be given any meaning other than that prescribed by Section 163.011 (11). Therefore, we conclude that Section 163.011 (11) provides the definition of "teacher" to be followed in applying Section 163.172.
The next issue for consideration is whether a parent educator is within the definition of "teacher" found in Section163.011 (11). Section 163.011 (11) enumerates certain categories of persons as being within the definition: "teacher, teacher-secretary, substitute teacher, supervisor, principal, supervising principal, superintendent or assistant superintendent, school nurse, social worker, counselor or librarian," subject to certain requirements. Section 178.691 (4) describes "parent education" as providing "resource materials on home learning activities, private and group educational guidance, individual and group learning experiences for the parent and child, and other activities that enable the parent to improve learning in the home." Based on this description of "parent education," a parent educator is not a "teacher-secretary, substitute teacher, supervisor, principal, supervising principal, superintendent or assistant superintendent, school nurse, social worker, counselor or librarian." Of those persons enumerated, there remains the question whether a parent educator might be deemed a "teacher" which is the first category of persons listed in Section 163.011 (11). However, in describing "parent education" Section 178.691 (4) does not use the word "teach" but instead describes parent education as "the provision of resource materials. . . ." Furthermore, Section 168.011, RSMo 1994, states that no person shall be employed to teach until he has received a valid certificate of license, but a parent educator is not required to have received a valid certificate of license. See
Early Childhood Development Act Program Guidelines and Administrative Manual incorporated by reference into 5 CSR 50-270.010. Where the legislature has intended parent educators to be included within the provisions of a statute, it has expressly so stated. See Section 168.500, RSMo 1994, enumerating the persons to whom the career advancement program applies where included within the enumerated persons are "parents as teachers educators." Therefore, we conclude that a parent educator is not a "teacher" as that term is used in the enumeration of categories of persons listed in Section 163.011 (11). Because a parent educator is not among the categories of persons enumerated in Section 163.011 (11), the parent educator is not a "teacher" as defined in Section 163.011 (11).
Because a parent educator is not a "teacher" as defined in Section 163.011 (11), whether or not the parent educator holds a valid teaching certificate is irrelevant. Even if the parent educator holds a valid teaching certificate, the parent educator is not a "teacher" as defined in Section 163.011 (11) and the minimum teacher's salary provisions in Section 163.172 do not apply.
CONCLUSION
It is the opinion of this office that a parent educator employed in the parent education program authorized under Sections 178.691 to 178.699, RSMo 1994, is not subject to the minimum teacher's salary requirement of Section 163.172, RSMo 1994, even if the parent educator holds a valid teaching certificate.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General